**Electronically Filed
Intermediate Court of Appeals
29719
28-JUL-2011
09:31 AM**

NO. 29719

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RAYMOND KIM, Claimant/Appellant-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES,
Employer/Appellee-Appellee,
and
LIBERTY MUTUAL INSURANCE COMPANY,
Insurance Carrier/Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2006-372 (2-04-13128))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

In this workers' compensation case, Claimant/Appellant-Appellant Raymond Kim (Kim), pro se, appeals from the February 5, 2009 Decision and Order (Decision and Order) of the Labor and Industrial Relations Appeals Board (LIRAB) and LIRAB's March 2, 2009 Order Denying Request for Reconsideration of LIRAB's Decision and Order (Order Denying Reconsideration).

In its Decision and Order, LIRAB affirmed the May 17, 2006 Decision (Director's Decision) of the Director (Director) of the Department of Labor and Industrial Relations. The Director's Decision denied, in part, Kim's vocational Rehabilitation Plan dated December 29, 2005, as supplemented by reports dated

January 23, 2006 and February 10, 2006, (collectively, VR Plan) wherein the goal of a four-year college degree was proposed.

On appeal, Kim contends:

(1)  LIRAB abused its discretion in its Decision and Order when it affirmed the Director's Decision denying the VR Plan.

(2)  LIRAB erred when it denied Kim's February 23, 2009[1] Request to Reconsider Decision and Order (Request for Reconsideration).

(3)  He is entitled to further vocational rehabilitation services, including the services outlined in the VR Plan.

Underlying all of Kim's points on appeal is his contention that the VR Plan should have been approved.  Kim asks this court to reverse the Director's Decision and LIRAB's Decision and Order and approve Kim's VR Plan.

Before addressing Kim's arguments, we note that his opening brief and points on appeal fail to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b).[2]  The failure to

_____

[1]  Kim's letter is dated February 20, 2009, but we use LIRAB's filing date of February 23, 2009.

[2]  Kim's noncompliance includes the failure to provide record references to the facts, a concise statement of the points of error and where in the record the alleged errors occurred and were objected to, and, insofar as the points of error involved Findings of Fact (FOFs) and Conclusions of Law (COLs), the specific FOFs and COLs involved and objected to.  HRAP 28(b)(3) and (4).

HRAP Rule 28 provides in relevant part:

(b)  Opening brief.  Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:
.  .  .  .

(3)  A concise statement of the case, setting forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings. In presenting those material facts, all supporting and contradictory evidence shall be presented in

(continued...)

2

comply with HRAP Rule 28(b)(4) is sufficient to affirm LIRAB's Decision and Order and Order Denying Reconsideration. O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 385, 885 P.2d 361, 363 (1994) ("points not presented in accordance with [HRAP 28(b)(4)] will be disregarded"). However, we recognize that the Hawai'i Supreme Court "has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (internal quotation marks and citation omitted). Therefore, we now consider Kim's appeal on the merits.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Kim's points of error as follows:

LIRAB did not abuse its discretion when it affirmed the Director's denial of the VR Plan. Hawai'i Administrative Rules

---

[2](...continued)
summary fashion, with appropriate record references. Record references shall include page citations and the volume number, if applicable. References to transcripts shall include the date of the transcript, the specific page or pages referred to, and the volume number, if applicable. Lengthy quotations from the record may be reproduced in the appendix. There shall be appended to the brief a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal, unless otherwise ordered by the court.

(4) A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. Where applicable, each point shall also include the following:
. . . .

(C) when the point involves a finding or conclusion of the court or agency, either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions[.]

Kim is warned that future non-compliance with HRAP Rule 28(b) may result in sanctions against him.

(HAR) § 12-14-5(a)[3] requires the vocational rehabilitation counselor to follow a four-step process for the development of a vocational rehabilitation plan.  In this mixed question of fact and law regarding whether the facts as presented by Kim meet the criteria for a vocational rehabilitation plan under the administrative rules, "the courts should not substitute their own judgment for that of the administrative agency."  Camara v. Agsalud, 67 Haw. 212, 216, 685 P.2d 794, 797 (1984).

The Director determined that the VR Plan was premature because "efforts to pursue the more cost-effective alternatives of direct placement [Step 3] or a short-term training program [Step 4] have not been adequately explored."  On appeal, LIRAB reviewed the VR Plan and affirmed the Director's determination that Kim failed to comply with the four-step process for developing the VR plan.

LIRAB noted that Kim's vocational rehabilitation counselor, Preston Jones (Jones), conducted a labor market survey on December 15, 2005 and reported that Kim considered a position

_____

[3]  HAR § 12-14-5 provides in relevant part:

§12-14-5  **Criteria for an approved vocational rehabilitation plan.**  (a) A provider shall file the employee's plan with the director for review and approval.  The plan shall be subject to the approval of the employee.  Upon receipt of the plan from the provider, an employee has ten days to review and sign the plan. The plan shall be submitted to the employer and employee and be filed with the director within two working days from the date of the employee's signature.  A plan shall include a statement of the feasibility of the vocational goal, using the process of:

(1)     [Step 1] First determining if the employee's usual and customary employment represents suitable gainful employment; should it not,

(2)     [Step 2] Next determining if modified work or other work with the same employer represents suitable gainful employment; should it not,

(3)     [Step 3] Next determining if modified or other employment with a different employer represents suitable gainful employment; should it not, and finally,

(4)     [Step 4] Providing training to obtain employment in another occupational field.

as a computer systems engineer to be suitable gainful employment, even though the salary range was $36,000-$60,000/year, which is less than what Kim had been earning prior to his injury. LIRAB credited the report by vocational rehabilitation counselor Donald Kegler (Kegler), who identified several jobs for which Kim qualified and could perform given his work limitations and without further training. These jobs were in a similar salary range as Kim's desired job as a computer systems engineer, but could be pursued as part of Step 3 of the VR Plan assessment process. Kegler identified two-year programs at community colleges that would qualify Kim for jobs at wages similar to what he could earn after a four-year program. These training programs could be pursued under Step 4 of the assessment process. In its Decision and Order, LIRAB stated that even though the jobs did not pay as much as Kim had been earning prior to his injury, IBM's obligation under the law was only to restore Kim's earning capacity "as nearly as possible" to his pre-injury level. Also, IBM's obligation was to return Kim to the labor force "as quickly as possible in a cost effective manner." We note that LIRAB did not deny Kim vocational rehabilitation services in general, but required that Step 3, direct placement, be explored before moving to Step 4, retraining in another field.

We conclude there is substantial evidence to support LIRAB's determination that Kim did not adequately explore Step 3 or Step 4 of the vocational rehabilitation process. Because those steps had not been taken, LIRAB did not abuse its discretion when it affirmed the Director's denial of the VR Plan.

LIRAB did not err when it denied Kim's Request for Reconsideration. Kim argued that his Request for Reconsideration should have been granted because many of the facts pertinent to his case were not presented at the August 24, 2007 hearing because Jones was not able to attend. The record does not show that Jones was subpoenaed to appear. Kim does not point to any place in the record where he objected to the hearing going

forward without Jones, and he did not raise the issue in his October 19, 2007 Post-Hearing Memorandum.  Kim failed to raise any issue regarding Jones's absence until Kim filed his Request for Reconsideration.  "As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]"  Kemp v. State of Hawai'i Child Support Enforcement Agency, 111 Hawai'i 367, 391, 141 P.3d 1014, 1038 (2006) (internal quotation marks and citation omitted).

Therefore,

IT IS HEREBY ORDERED that the Labor and Industrial Relations Appeals Board's Decision and Order filed on February 5, 2009 and Order Denying Request for Reconsideration filed on March 2, 2009 are affirmed.

DATED:  Honolulu, Hawai'i, July 28, 2011.

On the briefs:

Raymond Kim
Claimant/Appellant-
Appellant pro se.

Clyde Umebayashi
Muriel M. Taira
Ryan M. Johnson
(Kessner Umebayashi Bain
& Matsunaga)
for Employer/Appellee-
Appellee and Insurance
Carrier/Appellee-Appellee.

Chief Judge

Associate Judge

Associate Judge